**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TENNESSEE**
**AT CHATTANOOGA**

| | | |
|---|---|---|
| TERRANCE T. COLLINS,<br><br>Plaintiff,<br><br>v.<br><br>BLEDSOE COUNTY CORRECTIONAL COMPLEX, LT. BREEDING, SGT. OVERHOLD, and CO LOWENSTEIN,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | No.: 1:26-CV-216-TRM-MJD |

**MEMORANDUM OPINION AND ORDER**

On August 7, 2026, this Court entered an Order providing Plaintiff with twenty-one days to return a signed copy of his complaint in this prisoner's civil rights action (Doc. 12). The Order warned Plaintiff that if he failed to timely return a signed copy of his complaint, the complaint would be stricken from the record, and this action would be dismissed (*id.*). That deadline has passed, and Plaintiff has not returned a signed copy of his complaint or otherwise communicated with the Court.

Federal Rule of Civil Procedure 11(a) provides that a "court must strike an unsigned paper unless the omission is promptly corrected after being called to the . . . party's attention." Fed. R. Civ. P. 11(a). The Court provided Plaintiff with an opportunity to bring his pleadings into conformity with the Federal Rules, and he has failed to do so. Accordingly, the Court **STRIKES** Plaintiff's complaint.

Federal Rule of Civil Procedure 41(b) provides courts with the authority to dismiss a case for failure "to prosecute or to comply with these rules or a court order." Fed. R. Civ. P. 41(b); *see also Knoll v. Am. Tel. & Tel. Co.*, 176 F.3d 359, 362–63 (6th Cir. 1999); *see also Rogers v.*

*City of Warren*, 302 F. App'x 371, 375 n.4 (6th Cir. 2008) ("Although Rule 41(b) does not expressly provide for a sua sponte dismissal (the rule actually provides for dismissal on defendant's motion), it is well-settled that the district court can enter a sua sponte order of dismissal under Rule 41(b)." (citing *Link v. Wabash R.R.*, 370 U.S. 626, 630 (1962))). The Court examines four factors when considering dismissal under Fed. R. Civ. P. 41(b):

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Wu v. T.W. Wang, Inc.*, 420 F.3d 641, 643 (6th Cir. 2005) (citation omitted).

Application of these factors counsels in favor of dismissing this action. Plaintiff willfully failed to comply with the Court's Order, and there is no complaint before the Court to sustain a civil action. *See* Fed. R. Civ. P. 3. Moreover, "while *pro se* litigants may be entitled to some latitude when dealing with sophisticated legal issues, acknowledging their lack of formal training, there is no cause for extending this margin to straightforward procedural requirements that a layperson can comprehend as easily as a lawyer." *Jourdan v. Jabe,* 951 F.2d 108, 109 (6th Cir. 1991). Plaintiff's pro se status did not prevent him from complying with the Court's orders, and Plaintiff's pro se status does not mitigate the balancing of factors under Rule 41(b).

Accordingly, this action will be **DISMISSED** pursuant to Rule 41 of the Federal Rules of Civil Procedure.

Finally, the Court **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous. 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a).

**SO ORDERED. AN APPROPRIATE JUDGMENT ORDER WILL ENTER.**

**/s/ *Travis R. McDonough***
**TRAVIS R. MCDONOUGH**
**UNITED STATES DISTRICT JUDGE**